IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATELYN HANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   File No. |
| SHIVKRUPA ENTERPRISE LLC and | ) |
| ROSZELL CO., L.L.C., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, SHIVKRUPA ENTERPRISE LLC (hereinafter "SHIVKRUPA ENTERPRISE LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, SHIVKRUPA ENTERPRISE LLC, may be properly served with process via its registered agent for service, to wit: Tejash Soni, Registered Agent, 3751 North Story Road, Irving, TX 75062.

9. Defendant, ROSZELL CO., L.L.C. (hereinafter "ROSZELL CO., L.L.C."), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10. Defendant, ROSZELL CO., L.L.C., may be properly served with process via its registered agent for service, to wit: Frank Roszell, Registered Agent, 2230 Union Church Rd., Keller, TX 76248.

**FACTUAL ALLEGATIONS**

11.     On or about December 14, 2019 Plaintiff was a customer at "One Stop Market," a business located at 3751 N. Story Road, Irving, TX  75062, referenced herein as the "One Stop Market."

12.     One Stop Market is operated by Defendant, SHIVKRUPA ENTERPRISE LLC.

13.     SHIVKRUPA ENTERPRISE LLC is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates One Stop Market.

14.     ROSZELL CO., L.L.C. is the owner or co-owner of the real property and improvements that One Stop Market is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives approximately 20 miles from One Stop Market and the Property.

16.     Plaintiff's access to the business(es) located at 3751 N. Story Road, Irving, TX 75062, Dallas County Property Appraiser's parcel number 320784900A0040000 (the "Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., are compelled to remove the physical barriers to access and correct the ADA violations that exist at One Stop Market and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited One Stop Market and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting One Stop Market and the Property within six months or sooner, after the barriers to access detailed in this Complaint are removed and One Stop Market and the Property are accessible again.  The purpose of the revisit

is to be a regular customer, to determine if and when One Stop Market and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18. Plaintiff intends on revisiting One Stop Market and the Property to purchase food and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19. Plaintiff travelled to One Stop Market and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at One Stop Market and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at One Stop Market and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

4

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25. One Stop Market is a public accommodation and service establishment.

26. The Property is a public accommodation and service establishment.

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29. One Stop Market must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed One Stop Market and the Property in her capacity as a customer of One Stop Market and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at One Stop Market and the Property that preclude and/or limit her access One Stop Market and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit One Stop Market and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at One Stop Market and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at One Stop Market and the Property that preclude and/or limit her access to One Stop Market and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations

offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of One Stop Market and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., are compelled to remove all physical barriers that exist at the One Stop Market and the Property, including those specifically set forth herein, and make One Stop Market and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to One Stop Market and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of One Stop Market and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Metro PCS, the access aisle adjacent to the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) In front of Metro PCS, the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) In front of Metro PCS, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv) In front of Metro PCS, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(v) Due to the fact that the accessible ramp is in the accessible parking space, when a vehicle is parked in the space, the accessible ramp is blocked. As a result, this accessible parking space (the only accessible parking space on the Property) lacks an accessible route from accessible parking space to the accessible entrances of the Property in violation of section 206.2.1 and 208.3.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi) Near Metro PCS, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the

2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vii) Between Unit 3745 and One-Stop Market, the accessible ramp does not have handrails complying with Section 505 of the 2010 ADAAG standards, the handrails are not compliant with section 505 because the hand rails do not run the entire length of the ramp on both sides of the ramp in violation of section 505.2 and 505.3 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii) At One-Stop Market, the disabled assistance button on the gas pump as well as multiple other actionable mechanisms on the gas pump are at a height exceeding 54 (fifty-four) inches from the finished floor in violation of Section 308.3.1 of the 2010 ADAAG standards.

(ix) At One-Stop Market, the interior has walking surfaces lacking a 36 (thirty-six) inch clear width, due to a policy of maximizing product placement and the number of aisles in the store at the expense of accessibility in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(x) The interior of One-Stop Market has walking surfaces leading to the restrooms lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xi) There are changes in level at Property exceeding ½ (one-half) inch that are not properly accessible ramped in violation of Section 303.4 of the 2010 ADAAG

standards. Specifically, there is an approximately 4 (four) inch vertical rise at the doorway leading to the entrance to the restroom of One-Stop Market, thus rendering the restroom of the One-Stop Market inaccessible. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xii) Due to the four inch vertical rise on the accessible route to the restroom and the decrease of the accessible route to less than 36 inches on the accessible route to the restroom, the One-Stop Market lacks an accessible route connecting the accessible entrance to all the accessible spaces and elements within the store, this is a violation of section 206.2.4 of the 2010 ADAAG standards. This violation made it impossible for Plaintiff to utilize the restroom facilities when able-bodied individuals are able to access and utilize the restroom.

(xiii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**ONE-STOP MARKET RESTROOMS**

(i) The height of the toilet seat is below the minimum height of 17 (seventeen) inches in violation of Section 604.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii) The grab bars/handrails adjacent to the commode are missing and violates Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

 (iii) The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

 (iv) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

 (v) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

 (vi) The door hardware on the restroom door requires twisting of the wrist to operate in violation of section 309.4 of the 2010 ADAAG standards.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at One Stop Market and the Property.

37. Plaintiff requires an inspection of One Stop Market and the Property in order to determine all of the discriminatory conditions present at One Stop Market and the Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to bring One

Stop Market and the Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at One Stop Market and the Property are readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at One Stop Market and the Property are readily achievable because Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., have the financial resources to make the necessary modifications.

42. Upon information and good faith belief, One Stop Market and the Property have been altered since 2010.

43. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at One Stop Market and the Property, including those alleged herein.

45. Plaintiff's requested relief serves the public interest.

46. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C.

47. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C.,

pursuant to 42 U.S.C. §§ 12188 and 12205.

48. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., to modify One Stop Market and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, SHIVKRUPA ENTERPRISE LLC, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, ROSZELL CO., L.L.C., in violation of the ADA and ADAAG

(c) That the Court issue a permanent injunction enjoining Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, SHIVKRUPA ENTERPRISE LLC and ROSZELL CO., L.L.C., to (i) remove the physical barriers to access and (ii) alter One Stop Market and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: December 19, 2019.                Respectfully submitted,

                                         THE SCHAPIRO LAW GROUP, P.L.

<div style="margin-left: 40%;">

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Northern District of Texas ID No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., Suite 100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS

</div>